UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

WILLIAM RODRIGUEZ,

              Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
10-CR-281-JMA-ARL-11

**FILED**
**CLERK**
12:56 pm, Oct 28, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Breon Peace
    United States Attorney
Charles N. Rose
     Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

William Rodriguez
78590-053
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954
    *Pro Se Defendant*

**AZRACK, United States District Judge:**

After pleading guilty to attempted assault with a dangerous weapon for the shooting of three individuals in violation of 18 U.S.C. § 1959(a)(6) and discharge of a firearm during a crime of violence for the shooting of those individuals in violation of 18 U.S.C. § 924(c)(1)(A)(ii), the late Judge Sandra J. Feuerstein sentenced defendant William Rodriguez ("Defendant") to 156 months of incarceration on December 12, 2012. (ECF No. 432.) Following Judge Feuerstein's untimely passing, this case was reassigned to the undersigned. Defendant, appearing pro se, moves for compassionate release based on concerns related to the COVID-19 pandemic. (ECF No. 595.)

The Government opposes his request. (ECF No. 596.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. APPLICABLE LAW

Following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility—whichever is earlier—a defendant may file a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The statute provides that after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce a sentence if extraordinary and compelling reasons justify such action. 18 U.S.C. § 3582(c)(1)(A).

"[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also id. at 236 ("Because Guideline § 1B1.13 is not applicable to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (internal quotation marks omitted)). However, "[e]ven if extraordinary and compelling reasons exist," the district court "may deny" compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-CR-444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr. 26, 2021) (quoting United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)).

## II.    DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative rights. However, Defendant has failed to demonstrate extraordinary and compelling reasons that warrant compassionate release. Defendant is thirty-three years old and does not appear to suffer from any comorbidities. Rather, Defendant criticizes the BOP's handling of the COVID-19 pandemic and argues that he is particularly susceptible to suffering severe complications from COVID-19, should he become infected, because he is a Hispanic male. (ECF No. 595 at 2.) He also claims that he has been rehabilitated while incarcerated.

This Court joins several district courts that have rejected Defendant's argument regarding his susceptibility to COVID-19, reasoning that an applicant's "race itself does not constitute a risk factor for COVID-19, in the same way, as, for instance, an underlying medical condition does." United States v. Leigh-James, No. 15-CR-188, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020) (collecting cases). In addition, Defendant's arguments regarding his susceptibility to COVID-19 are undermined because he has been fully vaccinated with the Pfizer COVID-19 vaccine. (ECF No. 596 at 2.) "As several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021). Consequently, Defendant has failed to demonstrate extraordinary and compelling reasons to justify compassionate release.

Though the Court has already found Defendant failed to establish an extraordinary and compelling reason to justify a reduction in his sentence, the Court notes also that the Section 3553(a) factors do not weigh in favor of a sentence reduction. Specifically, Defendant pleaded

guilty to participating in violent crimes. At the time of his prosecution, he had been writted over from state custody, where he was already serving a 42-month sentence for attempted assault. While the Court lauds his efforts at rehabilitation while incarcerated, Defendant's criminal history as well as considerations of public safety and the need for appropriate deterrence continue to indicate that the sentence Judge Feuerstein imposed is warranted.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this order to the pro se defendant at his address of record.

**SO ORDERED.**

Dated:  October 28, 2021
      Central Islip, New York

                                                    /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE